# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JUSTIN ARDIS EASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00034-SPM |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Justin Ardis Easley's Motion to Proceed in Forma Pauperis. (ECF No. 2). Having reviewed the financial information provided in support, the Court finds that Plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, for the reasons discussed below, the Court will give Plaintiff an opportunity to amend his Complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this case under 42 U.S.C. § 1983 against Matthew Wilt (Police Officer), Jacob Nacke (Chief of Police), the Hannibal Police Department, the Board of Police Commissioners, and the State of Missouri.[1] According to Plaintiff, in July 2021, Officer Wilt planted drugs "in the dwelling [Plaintiff] was stabbed behind . . . which [Officer Wilt] fraudulently claimed to be [Plaintiff's] home" and confiscated Plaintiff's "legally possessed firearm." Plaintiff states that Officer Wilt "delayed emergent medical care . . . causing him to suffer major loss of blood and unnecessary pain." He further asserts that Officer Wilt "turned him into a suspect in drug distribution of meth without reasonable suspicion or probable cause to believe such a false

---

[1] Defendants' job titles are included in parentheses as alleged by Plaintiff.

2

allegation[.]" Plaintiff contends that Officer Wilt "arrested and incarcerated" him in August 2023 without probable cause and on the basis of the planted evidence. He attributes Officer Wilt's conduct to racial animus. Plaintiff seeks compensatory damages "jointly and [severally] against all defendants in the amount of $5,000,000" and punitive damages against Officer Wilt in the amount of $15,000,000. He also seeks a restraining order against all defendants.

## Discussion

Plaintiff asserts the following claims against Officer Wilt: (1) false imprisonment, (2) malicious prosecution, (3) "false light invasion of privacy and/or defamation of [Plaintiff's] character," and (4) illegal seizure of his firearm. He also asserts municipal liability against the Hannibal Police Department, the Board of Police Commissioners, Chief Nacke, and the State of Missouri. For the reasons discussed below, the Court will dismiss Plaintiff's claims against Chief Nacke, the Hannibal Police Department, the Board of Police Commissioners, and the State of Missouri. The Court will allow Plaintiff to amend his Complaint as against Officer Wilt in his individual capacity.

### 1. The Hannibal Police Department and the Board of Police Commissioners

It is well established that a police department, as a department of local government, is not a distinct entity subject to suit. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amendable to suit."); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court's dismissal of county jail and sheriff's department as parties because they

are not suable entities). For this reason, the Court will dismiss Plaintiff's claims against the Hannibal Police Department and the Board of Police Commissioners.[2]

### 2. Chief Nacke

Plaintiff does not indicate whether he is suing Chief Nacke in his official or individual capacity. As a result, the Court interprets the Complaint to include only official-capacity claims against Chief Nacke. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (stating that if a plaintiff's complaint is silent as to capacity, the court interprets the complaint as including only official-capacity claims); *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on an official-capacity claim against a public employee, a plaintiff must establish the governmental entity's liability for the alleged misconduct. *See Kelly*, 813 F.3d at 1075.

---

[2] Although Plaintiff lists the Police Department and Board of Police Commissioners as separate defendants, he provides the same address, phone number, and website for each. (ECF No. 1 at 3). Further, a internet search reveals that the City of Hannibal does not maintain a separate Board of Police Commissioners.

4

Plaintiff cannot do so in this case. Plaintiff states that Chief Nacke works for the Hannibal Police Department. As stated above, it is well established that a police department, as a department of local government, is not a distinct entity subject to suit. *See, e.g., Owens*, 328 F.3d at 1027. For this reason, the Court will dismiss Plaintiff's claims against Chief Nacke.

Even if Plaintiff had named Chief Nacke in his individual capacity, his claims would still fall short. To succeed on an individual-capacity claim, a plaintiff must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Put another way, a plaintiff must allege facts showing how a particular defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role are insufficient. *See Iqbal*, 556 U.S. at 663 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits . . . the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his own individual actions, has violated the Constitution."); *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018) ("Vicarious liability is inapplicable in 42 U.S.C. § 1983 suits.").

Here, Plaintiff makes no allegations that Chief Nacke personally engaged in conduct that violated his constitutional rights. Plaintiff instead relies on Nacke's role as Chief of Police. Conclusory allegations about Nacke's supervisory role are insufficient. *See Iqbal*, 556 U.S. at 663. Thus, even if Plaintiff had named Chief Nacke in his individual capacity, his claims would fail.

**3. The State of Missouri**

Plaintiff also sues the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d

5

613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the state, and the State is not a person under § 1983"). What is more, in the absence of a waiver, the Eleventh Amendment bars suit against the State or state officials acting in their official capacities. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Thus, the Court lacks subject matter jurisdiction over Plaintiff's claims against the State of Missouri. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature.").

4. **Officer Wilt**

Plaintiff appears to sue Officer Wilt in both his official and individual capacities.[3] As with Chief Nacke, the Court will dismiss the official-capacity claims against Officer Wilt because the Hannibal Police Department is not a distinct entity subject to suit. *See Owens*, 328 F.3d at 1027.

As for Plaintiff's individual-capacity claims against Officer Wilt, the Court is unable to evaluate the plausibility of those claims. The crux of the Complaint is that Officer Wilt planted evidence that led to Plaintiff's criminal prosecution. Confoundingly, Plaintiff does not provide a case number for the resulting criminal proceeding and Missouri's online case management system does not reflect such a proceeding. Consequently, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure because it does not provide a short and plain statement of factual allegations supporting Plaintiff's claims against each defendant.

---

[3] Plaintiff references Officer Wilt's "individual or official capacity" several times throughout the Complaint.

**Instructions for Filing an Amended Complaint**

In consideration of Plaintiff's self-represented status, the Court will give him an opportunity to file an amended complaint. Plaintiff's amended complaint shall be limited to his individual-capacity claims against Officer Wilt and shall comply with the instructions below.

Plaintiff shall amend his complaint using the Court's "Civil Complaint" form. Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, Plaintiff shall: (1) set forth **a short and plain statement** of the factual allegations supporting his claim against Officer Wilt; and (2) state what constitutional or federal statutory right(s) Officer Wilt violated. Each averment must be **simple, concise, and direct**. *See* Fed. R. Civ. P. 8(a). No introductory or conclusory paragraphs are necessary.

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than de minimis." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

The Court advises plaintiff that an amended complaint completely replaces the original complaint. That is, any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is

well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within thirty (30) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## Conclusion

For the foregoing reasons, the Court will dismiss Plaintiff's claims against Chief Nacke, the Hannibal Police Department, the Board of Police Commissioners, and the State of Missouri. The Court will allow Plaintiff to submit an amended complaint against Officer Wilt in his individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Jacob Nacke, the Hannibal Police Department, the Board of Police Commissioners, and the State of Missouri are **DISMISSED** without prejudice. A separate Order of Partial Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a blank "Civil Complaint" form (MOED-0032).

**IT IS FURTHER ORDERED** that **within thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form in accordance with this

Court's instructions. Plaintiff's failure to comply with this Memorandum and Order may result in the dismissal of this action without prejudice and without further notice.

Dated this 25th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE