# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JUSTIN ARDIS EASLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-00034-SPM |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented Plaintiff Justin Ardis Easley's amended complaint. Because the amended complaint is incomplete, the Court will order Plaintiff to file a second amended complaint.

## Background

Plaintiff initially filed a civil complaint against Defendants Matthew Wilt (Police Officer), Jacob Nacke (Chief of Police), the Hannibal Police Department, the Board of Police Commissioners, and the State of Missouri. The crux of his complaint was that Officer Wilt planted evidence that led to Plaintiff's criminal prosecution, which was eventually dropped. On initial review, the Court dismissed the Hannibal Police Department, the Board of Police Commissioners, the State of Missouri, and Jacob Nacke for failure to state a claim upon which relief may be granted. *See* ECF No. 4. It also dismissed Plaintiff's claims against Matthew Wilt brought in his official capacity. Because the complaint did not provide enough factual information to evaluate Plaintiff's individual-capacity claim against Officer Wilt, the Court ordered Plaintiff to file an amended complaint.

**The Amended Complaint**

Plaintiff brings his amended complaint alleging civil rights violations against Defendants Matt Wilt, Officer Pfeifer, and the Hannibal Police Department arising out of an event on July 18, 2021. He states he was attacked by a stranger with a knife behind the residence at 1501 Hill Street in Hannibal, Missouri. Officer Pfeifer responded to the scene as Plaintiff was seated in his car nearby. Pfeifer asked Plaintiff if he would consent to a search of 1501 Hill Street, and Plaintiff responded that he did not live there and could not consent. Officer Wilt arrived on the scene, assessed the situation, and returned to the Hannibal Police Department to obtain a search warrant for Plaintiff's vehicle, his cell phone, and the residence. Plaintiff states that Wilt's interest in the search warrant was racially motivated because he told Plaintiff that if two black males were involved in a violent confrontation, that the confrontation stemmed from a drug deal. ECF No. 8 at 6. Plaintiff states that the warrant issued through a false affidavit. Conducting the search, Wilt found two meth pills inside the residence. The residents of 1501 Hill Street arrived on the scene and confirmed that Plaintiff did not live there.

Plaintiff was not arrested on July 18, 2021, but he states that he was later subject to false arrest. Plaintiff seeks damages for the loss of his job, defaulting on two loans, emotional injuries, degradation, defamation, and "being turn[ed] into a criminal after being [the] victim of a brutal attack." *Id.* at 7. He seeks $15 million from each Defendant for compensatory and punitive damages.

**Discussion**

Plaintiff's "Statement of Claim," describes several of the events on July 18, 2021, but ends abruptly with the notation, "over (see page 1 cont.)." ECF No. 8 at 6. The Court did not receive any supplemental pages, and nothing was written on the back of the page. Based on the allegations contained in Plaintiff's original complaint, Plaintiff's amended complaint is missing many factual allegations. For example, the amended complaint contains no information regarding Plaintiff's eventual arrest. Nor does it contain any facts regarding his charges and the prosecution of the criminal action. His criminal action was dropped at some point, and the Court has no access to Plaintiff's case file on Missouri Case.net.

The Court will order Plaintiff to file a second amended complaint, stating all his factual allegations. To assist him, the Court will send him a copy of his original complaint and his amended complaint as filed with the Court. Plaintiff is warned that the filing of the second amended complaint **completely replaces** the original and the amended complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Plaintiff fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail Plaintiff a copy of (1) the original complaint, (2) the amended complaint, and (3) the Court's "Complaint for a Civil Case" form.

**IT IS FURTHER ORDERED** that **within thirty (30) days** of the date of this Order, Plaintiff shall file a second amended complaint on the Court-provided form in accordance with the Court's instructions.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice to plaintiff.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of April, 2025.