# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JUSTIN ARDIS EASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:24-cv-00034-SPM |
| | ) |
| MATTHEW WITT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented Plaintiff Justin Ardis Easley's second amended complaint. For the following reasons, the Court issues service on Plaintiff's claims brought against Defendant Matthew Wilt in his individual capacity. The Court dismisses without prejudice Plaintiff's claims brought against Defendant Wilt in his official capacity and Plaintiff's claims brought against the Hannibal Police Department.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Second Amended Complaint

Plaintiff brings this case under 42 U.S.C. § 1983 alleging Defendant Officer Matthew Wilt and the Hannibal Police Department violated his constitutional rights by fabricating evidence and arresting him for a crime he did not commit. Plaintiff sues Officer Wilt in both his official and individual capacities.[1]

On July 18, 2021, James Ivey attacked Plaintiff with a knife behind the residence of 1501 Hill Street in Marion County, Missouri. Plaintiff suffered a lacerated tendon in his hand and a cut to his neck near the jugular vein. After attacking Plaintiff, Ivey broke into the house at 1501 Hill

---

[1] Although Plaintiff lists Defendant Wilt as "Matthew Wilt (individual)" on page two of the second amended complaint, he references Officer Wilt's "individual or official capacity" several times throughout the Complaint. Doc. 10 at 2. The Court liberally construes the complaint to allege claims against Wilt in his individual and official capacities.

2

Street.  Police found him inside wearing the resident's clothing.  The resident arrived and gave police permission to search the house.  During the search of the home, officers including Officer Wilt found marijuana and a firearm.  The resident of the home took responsibility for the firearm.  Both Ivey and the resident denied possession of the marijuana.

Officer Wilt submitted an affidavit for a search warrant for the residence of 1501 Hill Street and Plaintiff's vehicle.  Wilt claimed that the drugs found inside the home suggested that drugs might also be found in Plaintiff's vehicle.  This later search of the residence uncovered marijuana and two blue pills that tested positive for methamphetamine.  Office Wilt searched Plaintiff's vehicle and recovered Plaintiff's firearm.  Instead of photographing the firearm inside Plaintiff's vehicle, Officer Wilt photographed the firearm in the home Ivey had broken into, suggesting that it was part of the crime scene.  Plaintiff was charged with unlawful use of a weapon, possession of a controlled substance, and distribution of a controlled substance.  Plaintiff was not arrested at this time.

Two years later, on September 15, 2023, another officer, Officer Pfeifer, pulled over Plaintiff and arrested him on the warrant stemming from the July 2021 charges.  Plaintiff posted bond and the charges against him were eventually dismissed in January 2024.  Plaintiff states that Defendants knew where he could be located in the time between the incident and the arrest, but unreasonably delayed executing the arrest warrant.

Plaintiff states claims against Officer Wilt for false arrest, unlawful seizure, evidence fabrication, malicious prosecution, and delay in warrant execution.  He also seeks municipal liability against the Hannibal Police Department for failure to train, supervise, and discipline its officers.

For relief, Plaintiff seeks $15 million in compensatory and punitive damages. He suffers permanent emotional injuries that may require lifelong treatment. He seeks punitive damages to deter other officers from fraud, discrimination, and cruel and unusual punishment so they "will not illegally search and seize vehicle and firearms without proper investigation." Doc. 10 at 8.

## Discussion

**I.      Plaintiff's Claims Against Officer Wilt Brought in His Individual Capacity**

*(A)      False Arrest, Unlawful Seizure, Evidence Fabrication*

"Under the Fourth Amendment, a person has a right to be secure in his person and warrants may not issue but upon probable cause." *Ross v. City of Jackson, Mo.*, 897 F.3d 916, 920 (8th Cir. 2018). Probable cause exists where there are facts and circumstances within a law enforcement officer's knowledge that are sufficient to lead a person of reasonable caution to believe that a suspect has committed or is committing a crime. *Galarnyk v. Fraser*, 687 F.3d 1070, 1074 (8th Cir. 2012). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

Probable cause can still exist even when an officer mistakenly arrests a suspect, as long as the mistake is objectively reasonable. *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008). Similarly, the fact that a suspect arrested by law enforcement is later found innocent is not material. *Linn v. Garcia*, 531 F.2d 855, 861 (8th Cir. 1976). Nonetheless, the substantial latitude given to law enforcement officers is "not without limits," and an officer "is not free to disregard plainly exculpatory evidence." *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999).

Liberally construed, and viewing the facts in the light most favorable to Plaintiff, the Court finds he has stated plausible claims against Officer Wilt for violation of his Fourth Amendment

4

rights arising out of the alleged events on July 18, 2021. The Court will issue process as to Defendant Wilt in his individual capacity.

    *(B)*    *Malicious Prosecution*

The United States Supreme Court has determined that malicious prosecution is actionable under the Fourth Amendment. *See Thompson v. Clark*, 142 S.Ct. 1332, 1337 (2022). To establish malicious prosecution, "[a] plaintiff must show that (1) the criminal proceeding was instituted without probable cause, (2) the defendant's motive in instituting the proceeding was malicious, and (3) the prosecution terminated in acquittal or discharge of the accused." *Klein v. Steinkamp*, 44 F.4th 1111, 1115 (8th Cir. 2022). Where probable cause exists "to support the plaintiff's arrest and the initiation of criminal prosecution against the plaintiff," the malicious prosecution claim fails. *See Brown v. City of St. Louis, Missouri*, 40 F.4th 895, 903 (8th Cir. 2022).

Construing all facts in the light most favorable to Plaintiff, the Court finds he has plausibly alleged that Officer Wilt lacked probable cause to charge him with any crime arising out of the events on July 18, 2021. Based on Plaintiff's allegations of fabricated evidence, it is plausible that Wilt's motives were malicious. And, the prosecution terminated in Plaintiff's acquittal. The Court will issue service on Plaintiff's claims brought against Officer Wilt for malicious prosecution in violation of Plaintiff's constitutional rights.

    *(C)*    *Unreasonable Seizure and Delay in Executing Arrest Warrant*

Finally, Plaintiff alleges Defendants unreasonably delayed two years in executing his arrest warrant in violation of the Fourth Amendment. Plaintiff has not named his arresting officer, Officer Pfizer, as a Defendant in this case. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th

Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

Officer Wilt cannot be held personally liable for Officer Pfizer's execution of the arrest warrant. Additionally, Plaintiff does not allege he was arrested pursuant to an arrest warrant that had expired, only that the officers unreasonably delayed his arrest. While the two-year delay in arresting Plaintiff casts some doubt on the government's intention to prosecute Plaintiff, such delay does not violate Plaintiff's constitutional rights. For these reasons, the Court dismisses Plaintiff's claims arising out of the delay in executing the warrant.

**II.     Plaintiff's Claims Against Officer Wilt Brought in His Official Capacity**

As to Plaintiff's claims against Wilt brought in his official capacity, the Court has already dismissed these claims. *See* Doc. 4 at 4. An official capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, to prevail on an official capacity claim against a public employee, a plaintiff must establish the governmental entity's liability for the alleged misconduct. Plaintiff has not established the Hannibal Police Department's liability for the alleged misconduct, *see infra*, Part III, and therefore his official capacity claims against Officer Wilt are dismissed.

**III.    Plaintiff's Claims Against The Hannibal Police Department**

A local governing body can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the

plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).

For his *Monell* claim, Plaintiff states, "the Hannibal Police Department maintained customs, policies, and practices that were the moving force behind the constitutional violations alleged. These include failure to train, supervise, and discipline officers on appropriate search warrant procedures, handling and photographing evidence, and arrest practices." Doc. 10 at 7. Plaintiff's allegation is no more than a "bare assertion that amounts to nothing more than a formulaic recitation of the elements that cannot support a plausible claim." *Mitchell v. St. Louis Cnty., Mo.*, 2025 WL 3483903, *9 (8th Cir. Dec. 4, 2025) (quoting *Iqbal*, 556 U.S. at 681). He has not "asserted specific instances or provided specific examples that could support an inference of an unconstitutional policy or custom." *Id.* (quoting *Watkins v. City of St. Louis*, 102 F.4th 947, 954 (8th Cir. 2024)). Isolated incidents of alleged police misconduct do not establish liability under *Monell*. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). Nor has Plaintiff alleged factual content to support his assertion that his alleged constitutional deprivations were caused by deliberately indifferent supervision or training. *See Mitchell*, 2025 WL 3483903, *7; *Iqbal*, 556 U.S. at 678. For these reasons, the Court dismisses Plaintiff's claims brought against the Hannibal Police Department.

## Conclusion

For the foregoing reasons, the Court will issue service on Plaintiff's claims brought against Officer Wilt in his individual capacity.  The Court will dismiss Plaintiff's claims brought against Officer Wilt in his official capacity and his claims brought against the Hannibal Police Department.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process on Plaintiff's complaint as to Defendant Matthew Wilt in his individual capacity at the address provided in the second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Officer Wilt in his official capacity and his claims brought against the Hannibal Police Department are **DISMISSED** without prejudice.  A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 5th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE